WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilton Alexander, et al., | No. CV-17-02673-PHX-BSB |
| Plaintiffs, | **ORDER** |
| v. | |
| Geraldine A Pauloski, et al., | |
| Defendants. | |

Defendants Geraldine A. Pauloski and Farnsworth Realty & Management Company have filed a motion to dismiss Plaintiffs' claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 18.) Defendants argue that Plaintiffs' claims in this matter are barred because they should have been asserted as compulsory counterclaims in an earlier eviction action in state court. (*Id.*) The motion is fully briefed. (Docs. 21, 22.) For the reasons below, the Court denies the motion.

**I.  Background**

On August 8, 2017, Plaintiffs Wilton Alexander, Juanetta Wagoner, and Ruby Wagoner filed a Complaint alleging violations of the Fair Housing Act of 1988, 42 U.S.C. §§ 3601-3619 (Count One), the Arizona Fair Housing Act, Ariz. Rev. Stat. § 41-1491.19 (Count Two), breach of the implied warranty of habitability (Count Three), negligence (Count Four), and intentional infliction of emotional distress (Count Five). (Doc. 1.) The Complaint alleges that in 2015 Plaintiffs entered into a written lease with

Defendant Farnsworth Realty & Management Company ("Farnsworth") for property in Mesa, Arizona. (*Id.* at ¶¶ 1, 10.) After Plaintiffs took occupancy of the property, they had issues with the stove, a leak in the bathroom that was not repaired properly, a roach infestation, and a malfunctioning dishwasher. (*Id*. at ¶¶ 11-21.) Plaintiffs remained in the property from November 1, 2015, until there were evicted on May 30, 2017, and vacated the property on June 5, 2017. (*Id*. at ¶ 23.)

Around March 23, 2017, Farnsworth served a "10 Day Legal Notice" on Plaintiffs. (*Id.* at ¶ 33.) The notice stated that Farnsworth received notice that the property was in poor condition, was being maintained in an unsanitary and hazardous manner due to heavy clutter, and had a roach infestation. (*Id.* at ¶ 34.) On April 21, 2017, Farnsworth sent a second "10 Day Legal Notice" stating Plaintiffs had "made progress on the property," but that Farnsworth was still concerned about the roach infestation. (*Id.* at ¶ 35.) On April 27, 2017, Plaintiffs had the property treated for the roach infestation. (*Id.* at ¶ 37.)

Plaintiffs allege that Ruby Wagoner is 95 years old. (*Id*. at ¶ 27.) They also allege that both Ruby and Juanetta Wagoner are individuals with disabilities within the meaning of 42 U.S.C. § 3601 and Ariz. Rev. Stat. § 41-1491(5). (*Id*. at ¶¶ 27-31.) They allege that Plaintiff Alexander is 87 years old, has high blood pressure, has had open heart surgery, and is the caregiver for Ruby and Juanetta Wagoner. (*Id*. at ¶ 32.) On April 20, 2017, Monica Abrante, M.D., signed a request for reasonable accommodation for Ruby and Juanetta Wagoner. (*Id.* at ¶ 42.) The request explained that Plaintiffs Ruby and Juanetta Wagoner could only perform limited housekeeping due to their disabilities. (*Id*. at ¶ 41.) These Plaintiffs "requested exceptions for items related to health care" and "requested some patience as Plaintiffs eradicated or attempted to eradicate the roach infestation." (*Id.*) On May 9, 2017, Farnsworth received the request for reasonable accommodations. (*Id.* at ¶ 40.)

In the meantime, on May 1, 2017, Farnsworth sent a certified letter to Plaintiffs indicating that the lease had been terminated and that Plaintiffs must vacate the property

within ten days. (*Id.* at ¶ 38.) Defendants terminated the lease due to the roach infestation and because living conditions related to the infestation "had not been brought into compliance." (*Id.* at ¶ 39.) On May 23, 2017, Farnsworth filed an eviction action against Plaintiffs in the San Tan Justice Court (CC2017-094613EA). (*Id.* at ¶ 44.) At the May 30, 2017 eviction hearing, Farnsworth acknowledged receipt of the request for reasonable accommodation. (*Id.* at ¶ 45.) Plaintiffs urged Farnsworth to consider reasonable accommodation under the Fair Housing Act of 1988 and the Arizona Fair Housing Act. (*Id.* at ¶ 50.) Farnworth refused to reconsider the request for reasonable accommodation. (*Id.* at ¶ 51.) On May 30, 2017, Farnsworth obtained a judgment of eviction. (*Id.* at ¶ 52.)

On June 1, 2017, representatives from Farnsworth informed Plaintiffs they had thirty days to leave the property before being evicted and that Farnsworth would allow the storage of their personal property for another twenty days. (*Id.* at ¶ 54.) However, following the eviction, Farnsworth "forced Plaintiffs to immediately leave the residence by June 5, 2017, at 5:00 p.m. giving no reasonable accommodation to Plaintiffs despite either [their] advanced ages [or] disability status." (*Id.* at ¶ 55.) Plaintiffs allege that as a result of Defendants' conduct, they "suffered actual and monetary damages, including damages for mental anguish, pain, suffering, emotional distress, humiliation, embarrassment, inconvenience, loss of the right to an equal opportunity to enjoy their dwelling and loss of their civil rights under the Fair Housing Act." (*Id.* at ¶¶ 69, 84.)

## II. Standard for Motion to Dismiss

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court will dismiss a complaint for failing to state a claim when the face of the complaint establishes affirmative defenses. *See Parungao v. Community Health Systems, Inc.,* 858 F.3d 452, 457 (7th Cir. 2017) (stating that dismissal is appropriate when it is clear from the face of a complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law). Defendants assert that Plaintiffs' complaint fails to state a claim upon which

relief can be granted because it asserts claims that are barred under the doctrine of res judicata. (*See* Doc. 18.) Specifically, Defendants argue that Plaintiffs' claims should have been asserted as compulsory counterclaims, under Rule 13(a) of the Arizona Rules of Civil Procedure, in an earlier state court eviction action.[1] (*Id*. at 2.)

The Court applies state law to determine whether Plaintiffs' claims are compulsory counterclaims that should have been pleaded in the earlier state court eviction action. *See Pochiro v. Prudential Ins. Co. of Amer*., 827 F.2d 1246, 1249 (9th Cir. 1987).[2] "A plaintiff's claims are barred by res judicata if they should have been pled as compulsory counterclaims in a previous action, if the previous action was adjudicated on the merits, and if the present claims concern the same parties or their privies." *Am. Bank of the North v. Sullivan*, 2017 WL 3268795, at *2 (D. Ariz. Aug. 1, 2017) (citing *Rousselle v. Jewett*, 421 P.2d 529, 531 (Ariz. 1966), and *Mirchandani v. BMO Harris Bank, N.A*., 326 P.3d 335, 337 (Ariz. 2014)). The burden of proving these elements rests with the party asserting that res judicata applies to bar a claim. *State Compensation Fund v. Yellow Cab Co. of Phoenix*, 3 P.3d 1040, 1044 (Ariz. 1999).

## III. Analysis

In their motion to dismiss, Defendants cite only Rule 13(a) to support their conclusory assertion that all of Plaintiffs' "claims arise out of the same transaction or occurrence that was the subject matter of Defendants' eviction lawsuit filed in San Tan Justice Court in Maricopa County." (Doc. 18 at 2-3.) Therefore, Defendants assert that

---

[1] In this order, unless otherwise noted, references to Rule 13(a) are to the Arizona Rules of Civil Procedure, which provide that "[a] pleading shall state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the out of the transaction or occurrence that is the subject matter of the opposing party's claim." Ariz. R. Civ. P. 13(a).

[2] In *Pochiro*, the Ninth Circuit observed that Rule 13(a) is the same in the Arizona and federal rules of civil procedure, and that Arizona, like the federal courts, applies the liberal "logical relationship" test to determine whether two claims arise out of the same "transaction or occurrence." *Pochiro*, 827 F.2d at 1249 (citations omitted). "This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id*. (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978)).

Plaintiffs' claims are barred as compulsory counterclaims "that should have been brought at the earlier eviction proceedings in state court." (*Id.*) Defendants' motion does not address the elements to establish that res judicata applies.

In response, Plaintiffs argue that Rule 13(a) does not apply to forcible entry detainer ("FED") actions.[3] (Doc. 21 at 7-9.) Plaintiffs alternatively argue that even if Rule 13(a) applied in an eviction action, their claims in Counts One and Two would not be barred by res judicata because they are not compulsory counterclaims. (Doc. 21 at 10.) In their reply, Defendants argue that Rule 13(a) applies to eviction actions and that Plaintiffs' claims are compulsory counterclaims because they arise out of the same transaction or occurrence as the eviction action and involve the same parties. (Doc. 22 at 2-4.) As discussed below, the Court concludes that, subject to exceptions that do not appear to apply to Plaintiffs' claims, Rule 13(a) does not apply in eviction actions. Therefore, Defendants have not established that Plaintiffs were required to assert these claims as compulsory counterclaims in the state court eviction proceedings and that these claims are barred by res judicata. Because this conclusion resolves the motion to dismiss, the Court does not address the parties' alternative arguments.

### 1. Counterclaims in Eviction Actions

The Arizona Rules of Procedure for Eviction Actions provide that "[t]he Arizona Rules of Civil Procedure apply only when incorporated by reference in these rules, except that Rule 80(c) shall apply in all courts and Rules 42.1 and 42.2 shall apply in the superior courts." Ariz. R. P. Evict. Act. 1. In Rule 8, "Counterclaims and Consolidation," these rules further provide that "[u]nless specifically provided for by statute, no counterclaims, cross claims, or third party claims may be filed in eviction actions. Any counterclaim filed without a statutory basis shall be stricken and dismissed without prejudice." *Id.* at 8(a). Plaintiffs argue that because the Rules of Procedure for

---

[3] Rule 1 of the Rules of Procedure for Eviction Actions states that "[t]hese rules shall govern the procedure in superior courts and justice courts involving forcible and special detainer actions, which are jointly referred to in the rules as 'eviction actions.' For purposes of these rules, there shall only be one form of action known as an 'eviction action.'" Ariz. R. P. Evict. Act. 1.

- 5 -

Eviction Actions do not incorporate Rule 13(a), counterclaims are not permitted in eviction actions. (Doc. 21 at 7-8.) To support their argument, Plaintiffs cite *Met. Life Ins. Co. v. Tibshraeny*, 2017 WL 4369434, at *1 (Ariz. Ct. App. Oct. 3, 2017), an unpublished decision in which the court of appeals found that "Rule 13(a) does not apply to a FED action."

In *Tibshraeny*, the court explained that "a civil property dispute may be maintained separately from a FED action where the two cases present different issues, including where the former addresses the validity of title and the latter is concerned only with the right of possession." *Id*. at *2 (citations omitted). The court of appeals further explained that as a matter of policy, which the Arizona Supreme Court "stated decades ago," counterclaims are not permitted in FED actions because these actions are intended to provide an efficient and speedy remedy for obtaining possession of a premises:

> [T]he object of a forcible entry and detainer action is to afford a summary, speedy and adequate remedy for obtaining possession of premises withheld . . . and . . . <u>this objective would be entirely frustrated if the defendant were permitted to deny his landlord's title, or to interpose customary and usual defenses permissible in the ordinary action at law. For this reason counterclaims, offsets and cross complaints are not available either as a defense or for affirmative relief in such action, as indicated by our statutes and the statutes of most states.</u> And for the same reason, the merits of the title may not be inquired into in such an action, for if the merits of the title and the other defenses above enumerated were permitted and the court heard testimony concerning them, then other and secondary issues would be presented to the court and the action would not afford a summary, speedy and adequate remedy for obtaining possession of the premises.

*Id*. (quoting *Old Bros. Lumber Co. v. Rushing*, 167 P.2d 394, 397 (Ariz. 1946) (emphasis added)); *see also* Ariz. Rev. Stat. § 12-1177(A) ("On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into.").

Plaintiffs conclude that an appropriate counterclaim in an eviction action "would only concern a claim of how the landlord violated the rental agreement and if any notices were required, the approximate date and manner those notices were sent." (Doc. 21 at 9.)

Plaintiffs argue that their claims would have been dismissed if they had asserted them as counterclaims in the eviction action and, therefore these claims are not barred as compulsory counterclaims that should have been asserted in the earlier action.

In their reply, Defendants argue that *Tibshraeny* is distinguishable and does not support Plaintiffs' arguments because in that case the separate action at issue addressed the validity of title, which is specifically prohibited by § 12-1177(A) and, therefore, those claims in the separate action were not compulsory counterclaims. (Doc. 22 at 2.) Thus, Defendants suggest that counterclaims are prohibited in eviction actions only if they raise the issue of title, and that various other issues may be raised in a counterclaim. (Doc. 22 at 2 (citing *Tibshraeny*, 2017 WL 4369434, at *2).)

However, *Tibshraeny* does not support Defendants' suggestion that "other types of issues," construed broadly, may be addressed as counterclaims in a FED action. Instead, in the section of the decision that Defendants cite, the court stated that "[u]nder limited circumstances, the right to possession cannot be determined without resolving 'an issue whose resolution is a prerequisite to determining which party is entitled to possession.'" *Tibshraeny*, 2017 WL 4369434, at *2 (citing *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.,* 880 P.2d 648, 653 (Ariz. Ct. App. 1993) (explaining that the relief available in FED actions is limited because the object of such actions is to provide a summary, speedy, and adequate means for obtaining possession of a premises and, therefore, whether the parties entered a landlord-tenant relationship is not at issue and must be determined in general civil action).)

As set forth below, the applicable Arizona statutes and case law establish that Plaintiffs construe the scope of permissible counterclaims in eviction actions too narrowly to allow only claims based on the rental agreement, and Defendants construe the scope of permissible counterclaims too broadly to allow any claims logically related to the eviction action. In *Mead, Samuel & Co. v. Dyar*, 622 P.2d 512, 515-16 (Ariz. Ct. App. 1980), the court of appeals addressed the scope of permissible counterclaims in eviction actions. In *Dyar*, the defendant-tenant appealed from a judgment entered in the

plaintiff-landlord's FED action. The defendant-tenant argued that the court improperly dismissed his counterclaims in the FED action, which were based on the landlord's alleged failure to pay tenant for cleaning carpets in the apartment complex and for tenant's false arrest and imprisonment arising from landlord's breach of peace complaint. *Id.* at 513.

The defendant-tenant asserted that he had a right to assert his counterclaims in an FED action under Ariz. Rev. Stat. § 33-1365A, which is a part of the Arizona Residential Landlord and Tenant Act ("ARLTA"). *Id.* at 514. The plaintiff-landlord asserted that defendant's counterclaims were precluded by Ariz. Rev. Stat. § 12-1177A, which provides that in a FED action the only issue is the right of possession. *Id.* at 515. The plaintiff-landlord cited "several cases which held that counterclaims, offsets and cross-complaints may not be entertained in forcible entry or forcible detainer proceedings." (*Id.* (citing *Hinton v. Hotchkiss*, 174 P.2d 749 (Ariz. 1946); *Rushing*, 167 P.2d 394; *Gangadean v. Erickson*, 405 P.2d 1338 (Ariz. 1972).) The court of appeals stated that the issue before it was how to reconcile the apparent conflict between § 33-1365, which permits some counterclaims in FED actions, and the prior case law, which interprets § 12-1177A as prohibiting any counterclaims in such actions. *Dyar*, 622 P.2d at 515.

The court of appeals found that because the ARLTA was enacted in 1973, after the cited decisions interpreting § 12-1177A, the legislature intended to change the judicial construction of § 12-1177A. *Id.* at 516. The court concluded that by enacting § 33-1365A, the legislature changed the law to give tenants the right to assert counterclaims in an action by the landlord for possession or for rent "for any amount which [the tenant] may recover under the rental agreement or [the ARLTA]." *Id.* (quoting Ariz. Rev. Stat. § 3-1365A).) The court further explained that the ARLTA includes numerous provisions that grant tenants the right to recover damages when they are injured by a landlord's wrongful conduct. *Dyar*, 622 P.2d at 516. The court rejected the defendant-tenant's argument that any claims arising out of the landlord-tenant relationship are claims for

damages under the ARLTA and, therefore, are permissible counterclaims in a FED action. *Id*.

The court found that § 33-1365A could not be construed so broadly and instead must be construed with § 12-1177A, "which for many years had been construed as providing an expeditious summary remedy for possession, isolated from collateral controversies not directly related to the single issue of possession." *Id*. Thus, the court concluded that "[b]y enacting § 33-1365A the Legislature broadened the scope of a forcible detainer proceeding to the extent of permitting counterclaims for landlord liabilities established by the rental agreement or established by the terms of the act itself." *Id*. "In other words, for a tenant counterclaim to be permissible under § 33-1365A, the asserted liability must have a specific basis in the rental agreement or in the landlord tenant act." *Id*.

Defendants do not address *Mead*, or the court of appeals' analysis of permissible counterclaims in FED actions. Instead, they argue that Rule 13(a) applies in FED actions and cite *Van Buren Apartments v. Adams*, 701 P.2d 583, 587 (Ariz. Ct. App. 1984). (Doc. 22 at 2.) Defendants quote language from that decision stating that "tenants can assert counterclaims in a forcible entry and detainer action for landlord liabilities established by the rental agreement or by the terms of the act itself." (Doc. 22 at 2 (quoting *Adams*, 701 P.2d at 587).) However, Defendants' argument ignores that in *Adams*, the court applied *Mead*, and was addressing claims under the ARLTA when it referred to "the terms of the act itself." *See Adams*, 701 P.2d at 587 (citing *Mead*, 622 P.2d at 512).

Furthermore, it is clear that in *Adams* the court was not expanding permissible counterclaims in FED actions beyond those claims arising from the rental agreement or the ARLTA. Instead, the court addressed whether a claim for retaliatory eviction under the ARLTA could be asserted as a defense in an eviction action. *Adams,* 701 P.2d 584-85 (analyzing tenant's defense under the ARLTA). Thus, *Adams* did not expand the

permissible scope of counterclaims in FED actions beyond those claims recognized in *Mead*.

Defendants also assert that a decision in this district allowed a defendant's counterclaims for violations of the Fair Housing Act ("FHA") in an eviction action. (Doc. 22 at 2 (citing *Phoenix 328 Apartments, LLC v. Walker*, 2013 WL 5313261 (D. Ariz. Sept. 23, 2013).) However, in *Phoenix 328 Apartments,* the court did not consider whether claims under the FHA could be asserted as counterclaims in an eviction action. Instead, the court analyzed whether the defendant-tenant could remove an eviction action from state to federal court by asserting claims of race and disability discrimination under the FHA. *Id*. at *2. The court did not state that such claims were permissible counterclaims in an eviction action in state court, but instead stated only that these claims could not convert the action into one "arising under federal law" for purposes of federal question jurisdiction. *Id*. Therefore, the court concluded that the defendant had not properly removed the action to federal court. *Id*. This decision also does not provide any basis for the Court to conclude that the permissible scope of counterclaims in eviction actions exceeds those claims recognized in *Mead*.

Finally, Defendants argue that the Rules of Procedure for Eviction Actions allow counterclaims because Rule 8(a) provides that a counterclaim must be in writing and state specific facts claiming that the landlord has violated the rental agreement or an applicable statute. (Doc. 22 at 2 (citing Ariz. R. P. Evict. Act. 8(a).) Defendants' argument, however, ignores the preceding two sentences of Rule 8(a), which state that counterclaims may only be asserted if provided by statute, and that any counterclaim filed without a statutory basis will be dismissed without prejudice. *See* Ariz. R. P. Evict. Act. 8(a). Furthermore, the language in Rule 8(a) that Defendants cite is consistent with the court of appeals' decision in *Mead*, which recognized counterclaims in FED actions based on the rental agreement or ARLTA. Therefore, to determine whether Plaintiffs' claims are compulsory counterclaims that Plaintiffs' should have asserted in the eviction

action, the Court considers whether Plaintiffs' claims arise under the rental agreement or the ARLTA.

### 2. Plaintiffs' Claims

The Complaint alleges that Defendants filed the eviction action based on an untreated roach infestation. (Doc. 1 at ¶¶ 39, 44, 52.) Therefore, for this order, the Court assumes that the eviction action was based on an "untreated roach infestation that constituted a breach of the parties' rental agreement."[4] (Doc. 1 at ¶¶ 39, 44, 52; Doc. 18 at 2.) Thus, the essential facts in the state court eviction action included the terms of the rental agreement, whether Plaintiffs' treated the roach infestation and whether an alleged failure to do so violated the rental agreement, or whether Plaintiffs otherwise breached the lease agreement.

In Counts One and Two of the Complaint, Plaintiffs allege violations of provisions in the Federal and Arizona Fair Housing Acts, 42 U.S.C. § 3604(f)(1)-(3) and Ariz. Rev. Stat. § 41-1491.19(5). (Doc. 1 at ¶¶ 57-71; 72-86.) These claims are based on Plaintiffs' Ruby and Juanetta Wagoner's alleged disabilities (Doc. 1 at ¶ 28, 31), and Plaintiff Alexander's alleged membership in a protected class that the fair housing acts were meant to protect. (*Id.* at ¶¶ 64, 79.) These claims also involve Plaintiffs' request for reasonable accommodation (*Id.* at ¶¶ 40-42), and whether Defendants discriminated against Plaintiffs in the terms, conditions, or privileges of a rental dwelling or in the provision of services in connection with the dwelling because of a disability. (*Id.* at ¶¶ 57-71, 72-86.) In Count Five, Plaintiffs assert a claim for intentional infliction of emotional distress based on Defendants' alleged violations of Plaintiffs' civil rights. (*Id.* at ¶¶ 104-108.)

Plaintiffs assert that their claims alleging violations of their rights under state and federal fair housing laws did not give them the right to immediate possession of the property and, therefore, were not compulsory counterclaims in the eviction action.

---

[4] A landlord has a statutory right to terminate a lease upon a material breach of tenancy or lease. Ariz. Rev. Stat. §§ 12-1171, 33-361.

(Doc. 21 at 9, 16-17.) In their reply, Defendants do not respond to Plaintiffs' arguments about their claims in Counts One, Two and Five, and instead assert, without explanation, that all of Plaintiffs' claims "are related to whether they had the right to possession of the property." (Doc. 22 at 3.) Defendants argue that Plaintiffs' claims are logically related to the eviction action and are barred as compulsory counterclaims that Plaintiffs should have asserted in that action. *Id*. Thus, Defendants do not address whether Plaintiffs' state and federal fair housing claims, and the related emotional distress claim, arise under the rental agreement or the ARLTA. Because it appears that these claims are not based on the rental agreement or the ARLTA, and Defendants have not established that these claims are barred, the Court denies the motion to dismiss Counts One, Two, and Five.

In Counts Three and Four, Plaintiffs allege claims for a breach of the implied warranty of habitability and negligence. (Doc. 1 at ¶¶ 87-97, 98-103.) Although it appears that these claims may arise from the rental agreement and thus should have been asserted in the eviction action, the parties have not addressed this issue and, therefore, the Court will not decide this issue on the briefing the parties provided. Because Defendants, as the party asserting res judicata, have the burden of establishing that Plaintiffs' claims are barred and have not met that burden, the Court will not dismiss Plaintiffs' claims based on the briefing on the motion to dismiss. *See State Compensation Fund*, 3 P.3d at 1044. Therefore, the Court will deny Defendants' motion to dismiss Counts Three and Four.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **DENIED**.

Dated this 24th day of April, 2018.

_____
Bridget S. Bade
United States Magistrate Judge